UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:16-cr-00111-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| WILLIAM LAVELLE WALKER, et al., | |
| Defendants. | |

# INTRODUCTION

Pending before the Court is Defendant United States of America's Motion to Dismiss the Third-Party Petition of Randy Dalton for Lack of Standing and Failure to State a Claim. Dkt. 191. The Court finds these matters appropriate for decision without oral argument. For the reasons explained below, the Court will GRANT the motion to dismiss.

# BACKGROUND

This is a forfeiture action arising from a criminal case against Defendant William Walker. On April 26, 2016, Walker and three co-defendants were indicted on charges of conspiracy to distribute methamphetamine. Dkt. 1. Walker pled guilty to the conspiracy charges, drug forfeitures, and firearm forfeitures, and was sentenced to 87 months in prison. Dkt. 173. In total, thirty-eight firearms were forfeited.

The United States published a notice of forfeitures on an official government website for thirty consecutive days. Dkt. 184. An ATF firearms records inquiry was conducted and Petitioner Randy Dalton's name was returned as being potentially connected to a Derringer .32 pistol with serial number 296245. The record indicated that the firearm was purchased from a Burley Pawn Shop in 1992, but did not indicate who was the current owner. *Pl.'s Br.* at 2, Dkt. 191. On October 26, 2017, Dalton was notified via certified mail of the items being forfeited. That notification advised Dalton of the procedures for filling a claim for any one of the thirty-eight forfeited firearms, pursuant to 21 U.S.C. § 853(n).

Dalton called the United States Attorney's office on November 2, 2017, and spoke with AUSA Kevin Maloney. *Pl.'s Br.* at 2, Dkt. 191. Maloney reviewed the procedures for filing a claim with Dalton and directed Dalton to the instructions in the Notice of Forfeiture. *Maloney Aff.* ¶ 5, Dkt. 191-1. Those instructions include the requirement that the petition be signed under penalty of perjury. *Maloney Aff.* ¶ 6, Dkt. 191-1.

On November 13, 2017, Dalton filed his Petition with the Court. Dkt. 187. The Petition was signed, but not under penalty of perjury. In the Petition, Dalton asserted an interest in seven firearms, along with a brief description of each:

1. A .32 caliber (apparenty SN 6545) per letter make unknown chrome plated 2 shot Derringer last seen in a blue twill cloth type case, w/2 bullets purchase Burley or Twin or Pocatelllo;

2. A Black Powder 54 cal left hand wood stock – Cabella purchased - carbine muzzle loader – Cabella Sydney, NE;

3. A Black Powder – inline Boltaction Synthetic Stock – Muzzle loader .50 or .54 cal. Cabella purchase Syndney Nebraska;

4. A 9mm lever action Carbine, given to me by my foster sister after her daughters death (or hospitalization) I don't recall exactly – Brand unknown possibly Marlin, or Savage. Good shape from Vancouver, WA;

5. 1 – SKS 5.56 Nato Surles Rifle Purchase at yard sale in New Shop Idaho or Colorado;

6. A .22 Caliber Ruger Auto Rifle in almost new condition purchase CAL Ranch Burley; and

7. Also 22 Marlin or Savage .22 Cal Rifle w/odd stock purchases CAL Ranch.

*Pet'r's Pet.* at 2.

The Petition also says, "My Book I had written serial numbers in has or had Disappeared and receipts lost or missing." *Pet'r's Pet.* at 3. At no point in the Petition does Dalton assert that he is a bona fide purchaser for value of any of these firearms.

## LEGAL STANDARD

The procedure for a third-party petitioner to assert an interest in property to be forfeited is laid out in Rule 32.2(c) of the Federal Rules of Criminal Procedure:

> (1) In General. If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

> (A) In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true.

Fed. R. Crim. P. 32.2(c). Courts should treat a motion to dismiss a petition like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure, when the motion is filed before discovery or a hearing. *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009). After discovery, but before a hearing, parties may move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Crim. P. 32.2(c)(1)(B).

The requirements for a person to petition the court for a hearing are listed in 21 U.S.C. § 853(n)(2):

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

There is not a lot of circuit court case law on the matter, but many district courts have agreed that a hearing is not required for a court to dismiss a petition that fails to satisfy the pleading requirements in § 853. *See United States v. Pegg*, No. 1998 WL 34309460, at *2 (M.D. Ga. Nov. 25, 1998) (citing *United States v. BCCI Holding (Luxembourg), S.A.*, 980 F. Supp. 16, 20 (D.D.C. 1997)); *see also United States v. Lima*, 2011 WL 5525339, at *2 (M.D. Fla. Oct. 19, 2011) (dismissing a petition, without a hearing, due to lack of standing and failure to state a claim to the forfeited property); *United States v.*

*Kokko*, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) (dismissing a petition claiming only a conclusory interest without a hearing, for failing to comply with the pleading requirements of § 853).

The technical requirements for a petition asserting a legal interest in property are laid out in § 853(n)(3):

> The petition shall be signed by the petitioner *under penalty of perjury* and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3)(Emphasis supplied). Failure to comply with the technical requirements of § 853(n)(3) will lead to dismissal of the petition. *See, e.g., United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012) (dismissing claim not filed under penalty of perjury and for failing to include time and circumstances of acquisition); *United States v. Burge*, 829 F. Supp. 2d 664, 666-67 (C.D. Ill. 2011) (dismissing third-party claim for failure to sign under penalty of perjury and failure to state a claim of third party interest); *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (dismissing pro se petition not filed under penalty of perjury); *United States v. King*, 2009 WL 2525560, at *2 (M.D. Fla. Aug. 17, 2009) (dismissing petition for failure to sign under penalty of perjury; failure to include a description of right, title, or interest in property, and failure to include time and circumstances of acquisition).

Substantively, 21 U.S.C. § 853(n)(6) lays out what a petitioner must show to assert an interest in property:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section; the court shall amend the order of forfeiture in accordance with its determination.

Third parties asserting an interested in forfeited property must show that either they are a bona fide purchaser for value without any notice of any defects in title or their interest in the property is superior to that of the defendant's. *United States v. Hooper*, 229 F.3d 818, 821 (9th Cir. 2000); *see also United States v. Lazarenko*, 610 F. Supp. 2d 1063, 1069 (N.D. Cal. 2009), *rev'd sub nom on other grounds by United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139 (9th Cir. 2011).

## ANALYSIS

### 1.     21 U.S.C. § 853(n)(3)

Dalton's Petition does not comply with the technical requirements of § 853(n)(3). For the Petition to comply with § 853(n)(3) it must have been signed under penalty of perjury. Courts strictly construe this requirement to discourage false or frivolous claims and to safeguard the government's legitimate interest in protecting forfeited property. *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010). After receiving notice that he was potentially connected to one of the forfeited firearms, and after seeking more

information about the procedure for filing a petition, Dalton was given proper instructions, including the requirement that he sign his petition under penalty of perjury. *Pl.'s Br.* at 2, Dkt. 191; *Maloney Aff.* ¶ 6, Dkt. 191-1. Despite this warning, Dalton submitted a petition that was signed, but not under penalty of perjury. The petition does not satisfy § 853(n)(3)'s first requirement.

The Petition also fails to meet § 853(n)(3)'s second requirement. The Petition must "set forth the nature and extent of the petitioner's right, title, or interest in the property…." 21 U.S.C. § 853(n)(3). The ATF determined Dalton to be potentially connected only to a Derringer, .32 pistol, with serial number 296245. *Pl.'s Br.* At 2, Dkt. 191. In his petition, Dalton claims one of his missing guns that he was searching for was "a .32 Caliber (apparenty SN 6545) per letter—make unknown chrome plated 2 shot Derringer…." *Pet'r's Pet.* at 2, Dkt. 187. Both the firearm the ATF matched to Dalton and the firearm listed in this description are Derringers in a .32 caliber. But that is the only indication that they could be the same firearm. There are several additional deficiencies in the description: Dalton lists as serial number that does not match the serial number the ATF potentially connected to Dalton;[1] Dalton does not know the make of the

---

[1] There are several errors with the serial number provided by Dalton. First, the serial number provided does not match the serial number for the firearm the ATF matched with Dalton. Second, even assuming "apparenty" could reasonably be assumed to mean "apparently," the use of the word "apparently" and the fact that Dalton includes "per letter" indicates that Dalton does not independently know or provide the serial number for the firearm he claims he is missing.

Derringer he claims; his description is vague; and he asserts no other facts setting forth the nature and extent of his right, title, or interest in the property.

The descriptions of the remaining firearms also fall short of § 853(n)(3)'s second requirement. The list Dalton provides contains vague and inconsistent descriptions, with no serial numbers. The vague descriptions could be matched with multiple firearms, ruling out the possibility of identifying a single firearm using the list Dalton provides. And the descriptions do nothing to set forth Dalton's right, title, or interest in any of the firearms. Therefore, presuming that the facts as alleged in the petition are true, the petition does not satisfy § 853(n)(3)'s second requirement.

Dalton's Petition fails to meet the third requirement in § 853(n)(3). The Petition is required to set forth "…the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property…." 21 U.S.C. § 853(n)(3). Dalton seems to understand the importance of this requirement because he included the fact that the book he "had written serial numbers in has or had Disappeared and receipts Lost or missing." *Pet'r's Pet.* at 3, Dkt. 187. Regardless, he manages to partially set forth the circumstances of their acquisition. He alleges that six of the seven were purchased, while one was given to him. For two of the firearms Dalton lists multiple potential cities where he may have acquired the firearm, for four of the firearms he lists one city, and for one firearm he lists no city. Nevertheless, not a single firearm listed includes the date or time of Dalton's acquisition. Because these descriptions do not sufficiently set forth the time and

circumstances of Dalton's acquisition of his right, title, or interest in these firearms, the petition does not satisfy § 853(n)(3)'s third requirement.

## 2. 21 U.S.C. § 853(n)(6)

The Petition fails to state a claim under § 853(n)(6) with sufficient particularity. There are two potential claims under § 853(n)(6). First, Dalton must set forth facts alleging that he has a legal right, title, or interest in the firearms that is superior to any right, title, or interest that Defendant Walker has in the firearms. 21 U.S.C. § 853(n)(6). Or second, Dalton must set forth facts that he is a bona fide purchaser of the firearms for value and that he was not aware of any defects in title, including the forfeiture claim. *Hooper*, 229 F.3d at 821. Dalton's petition fails under both claims.

The petition does not sufficiently set forth any facts that, if taken as true, could establish a claim that Dalton has a legal right, title, or interest in the firearms that is superior to any right, title, or interest of Defendant Walker's right. Similar to the analysis above, Dalton presents no evidence that he has a legal right, title, or interest in any of the firearms he lists. All Dalton presents are bald assertions of ownership, with insufficient allegations for support. Any potential claim that Dalton is a bona fide purchaser is even more lacking. At no point in the petition does Dalton allege that he is a bona fide purchaser for value of any of the firearms. Because the petition does not set forth any facts, that if presumed to be true, would entitle Dalton to relief, Dalton's Petition will be dismissed for failure to state a claim. And because Dalton fails to state a claim, he will be dismissed for lack of standing.

Finally, the Court notes that Dalton failed to respond to the Government's motion to dismiss, and the time for filing a response has passed. Under these circumstances, the Court will grant the motion with prejudice.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Dismiss Third-Party Petition (Dkt. 191) is **GRANTED** with prejudice.

DATED: May 22, 2018

B. Lynn Winmill
Chief U.S. District Court Judge